# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>        Petitioner,<br><br>   v.<br><br>MARTIN D. BITER, Warden,<br><br>        Respondent. | 1:11-cv-01640-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITION BLANK FORM FOR COMPLAINT PURSUANT TO 42 U.S.C. § 1983<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

      Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 28, 2011, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1). On October 11, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 5).

      Petitioner alleges that he is in custody of Kern Valley State Prison, but provides no further information regarding the nature of his conviction or the length of his sentence. However, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner argues that prison officers, in conjunction with inmates recruited by those prison officers, are engaged in a conspiracy to injury or kill Petitioner. Petitioner alleges that after one such assault,

he suffered a broken leg, broken elbow, and broken hand. Petitioner requests issuance of a preliminary injunction against those individuals in order to protect his life. Petitioner alleges that he has been placed in administrative segregation since November 30, 2010, to protect him from retaliation. (Doc. 1, p. 27). Petitioner seeks an immediate transfer to either Mule Creek State Prison or Richard Donovan Correctional Facility and a Level III classification in order to minimize the danger to which he alleges he is presently subject. (Id., p. 67).

## **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent...where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that prison correctional officers are engaged along with certain inmates in a pattern of retaliation against Petitioner that threatens his life. Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Normally, the Court would advise Petitioner that, should he wish to pursue his claims, he may do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. However,

1   the Court also notes that Petitioner has a pending civil rights case in this Court, case no. 1:11-cv-
2   00446-BAM.  According to the Court's docket, the first amended complaint has just been served
3   and the case is still pending.  Accordingly, it appears that Petitioner is already pursuing the civil
4   rights remedy this Court would recommended.

5       Moreover, the Court declines to issue a certificate of appealability.  A state prisoner
6   seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of
7   his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537
8   U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate
9   of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

19      If a court denied a petitioner's petition, the court may only issue a certificate of
20  appealability when a petitioner makes a substantial showing of the denial of a constitutional
21  right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that
22  "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have
23  been resolved in a different manner or that the issues presented were 'adequate to deserve
24  encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting*
25  Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

26      In the present case, the Court finds that Petitioner has not made the required substantial
27  showing of the denial of a constitutional right to justify the issuance of a certificate of
28  appealability.   Reasonable jurists would not find the Court's determination that Petitioner is not

3

entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, it is HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file;

3. The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983; and,

4. The Court DECLINES to issue a certificate of appealability in this case.

IT IS SO ORDERED.

Dated:  **October 19, 2011**                                         /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE